# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCRETIA CULPEPPER, | Case No.: 1:18-cv-01563 LJO JLT |
| Plaintiff, | ORDER TO THE PARTIES TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA |
| vs. | |
| WALMART, INC., | |
| Defendant. | |

The plaintiff alleges that she suffered discrimination while working at two Walmart stores in Lancaster, California. (Doc. 1-1 at 5-10) Originally, she filed this action in the Kern County Superior Court and it was removed to this Court not long after. (Doc. 1) She alleges inconsistently that the defendant committed the unlawful actions in Kern County but also asserts that the venue is proper in Los Angeles. (Doc. 1-1 at 5) In any event, Lancaster is located in Los Angeles County, which is within the boundaries of the Central District of California.[1]

Notably, when the Court's diversity jurisdiction is invoked, the proper venue is in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The Court takes judicial notice that Lancaster is in Los Angeles County.

1

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(a). Given the events occurred in Los Angeles County, it appears that venue is proper in the Central District of California. Therefore, the Court **ORDERS**:

1. **Within 14 days**, the parties **SHALL** show cause in writing why the action should not be transferred to the Central District of California (*See* 28 U.S.C. § 1406(a) ["The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought".]);

2. The scheduling conference is **CONTINUED** to March 11, 2019 at 9:30 a.m.

IT IS SO ORDERED.

Dated: **February 7, 2019**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE